UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| NATHANIEL JAMAR HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-33 |
| | ) | |
| v. | ) | Honorable David W. McKeague |
| | ) | |
| PATRICIA CARUSO et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous.

### Discussion

Plaintiff currently is incarcerated in the Macomb Correctional Facility. In 1997, Plaintiff pleaded guilty in the Wayne County Circuit Court to second-degree murder and possession

of a firearm during the commission of a felony, for which he was sentenced to prison terms of eighteen to thirty years and two years, respectively. In his *pro se* complaint, Plaintiff sues Michigan Department of Corrections (MDOC) Director Patricia Caruso and Wayne County Circuit Court Judge Maggie W. Drake.

The allegations set forth in the complaint are difficult to follow. Plaintiff refers to the confiscation of his "contracts" by MDOC staff. He alleges that the seizure "'impaired the obligation of' the contracts to be perfected filing (Revised Art 9 U.C.C.) in the U.C.C. office." In the following paragraph of his complaint, Plaintiff continues:

> All Judges are esquires, Foreign based merchants in commerce, see U.C.C. §2-104 and all crimes are commercial, see C.F.R. 72.11. The contracts were <u>officially valid</u> upon valuable consideration given, mutual agreement of the parties, performance and/or signature. **LET IT BE KNOWN, THE SECURED PARTY IS NOT IN ANY BONA FIDE ENFORCEABLE CONTRACT WITH ANY ADVERSE PARTY NOR CONSENTS TO ANY CONTRACTS AND SHALL BE RELEASED FROM IMPRISONMENT NOT LATER THAN JANUARY 21, 2005.**

(Compl., 4)(emphasis in original).

Plaintiff's nonsensical allegations concerning contract law are utterly devoid of merit. An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). Because Plaintiff's action lacks an arguable basis in law, it will be dismissed as frivolous.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: June 24, 2005                     /s/   David W. McKeague
                                         David W. McKeague
                                         United Stated District Judge